[No. 3144.]

## EX PARTE JOSEPH W. BARBER.

1. HABEAS CORPUS.—STATEMENTS OF FACTS, in habeas corpus cases, must be made up and certified by the trial judge in the same manner as in other criminal cases. Not even in *habeas corpus* cases can a statement of facts approved after the expiration of ten days allowed by the order of court be considered for any purpose.
2. EVIDENCE—DYING DECLARATIONS—CASE STATED.—It was objected to the dying declarations as evidence (reduced to writing) that the statement contained both competent and incompetent evidence. The objection being well taken, the rule applicable is as follows: "When a written instrument contains both legal and illegal evidence, the court cannot be required to expunge that which is illegal. If the court points out to the jury the illegal testimony, and designates it so that the jury can identify it, it is all that can be required."
3. SAME.—A correct rule of evidence is thus stated: "A statement by the deceased of a distinct fact, not connected with the circumstances of the death or the immediate cause of it, is not admissible as a dying declaration, though competent and legal evidence if established by any other competent witness." See the opinion *in extenso* for evidence to which this rule is held applicable.

APPEAL from the District Court of Limestone. Tried below before the Hon. L. D. Bradley.

The appellant in this case was refused bail and remanded to custody under an indictment charging him with the murder of Joe Lee Wood, in Limestone county, on the eighteenth day of September, 1883. The statement of facts brought up with the record is rejected because approved by the trial judge after his authority over the same had terminated.

*M. D. Herring* and *C. B. Pearre*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. The appellant is charged by indictment with the murder of Joe Lee Wood. Wood was shot on the eighteenth day of September, 1883. On this day appellant surrendered himself and gave bail in the sum of twenty-five hundred dollars. Wood died on the thirteenth day of October, 1883, and as soon as his death was made known to appellant he again surrendered himself and has been in jail since. On the fifteenth day of October he applied and obtained the writ of *habeas corpus*, but before the trial the indictment was presented. The writ was heard on the twenty-seventh day of October, 1883, and bail was refused. A second application was presented to the Hon. L. D. Bradley on the seventeenth of December, 1883, and was heard on the thirteenth of January, and bail was again refused. A third application was made and bail again refused, and this appeal taken.

This cause was heard at the regular term of the district court of Limestone county. Court adjourned on the tenth day of April, 1884. An order was made allowing ten days after the adjournment of the court to prepare and file a statement of the facts. The statement of facts was not filed until the twenty-third day of April, 1884. The cause being tried in term time, and the statement of facts not being filed within ten days after adjournment of the court, can this court consider the facts? This precise question arose in *Ex parte Cole*, 14 Texas Court of Appeals, 579, and in that case it is held that "the statement of facts should be made up and certified or approved by the judge as in other criminal cases." There being no statement of facts which this court can consider, and the appellant being charged by indictment with murder, the judgment must be affirmed.

Notwithstanding we cannot consider the statement of facts on this appeal, nevertheless, assuming it to be correct, two ques-

tions are presented which we deem of the greatest importance, in view of the fact of another trial.

First, the deceased's dying declarations were reduced to writing, and upon the trial these statements were introduced in evidence over the objections of appellant. We will notice but two of the objections urged by appellant to their admissibility:

1. That these written statements contained incompetent as well as competent evidence. We find this objection to be true; but must these statements be rejected in toto because of this? What is the rule under this state of case? It will be found clearly stated in *Johnson* v. *The State*, 17 Alabama, 618, and is as follows: "When a written instrument contains both legal and illegal evidence, the court cannot be required to expunge that which is illegal. If the court points out to the jury the illegal testimony, and designates it in such a manner that the jury can identify it, it is all that can be required." The illegal evidence contained in these written statements is especially pointed out in the next objection.

2. "Because said statements include matters other than the circumstances of the shooting of deceased." It appears from the record that appellant and deceased had, not long before the homicide, a difficulty about some pigs, and that on Sunday evening before the shooting, which occurred on Tuesday, a note was found at appellant's door. This note reads thus: "Mr. Joe Barber, you have got till Monday nite to leave in, or you will have to go where the buzzards won't get you." At the bottom of this note was drawn a coffin.

In the second statement of deceased we find this matter in relation to the note: "I never left a note at Joe Barber's house ordering or advising him to leave, and never knew of any such note being left, or any intention or purpose to leave such a note, or any note whatever, by any other persons. Nor did I at any time or in any way threaten his life, nor had I at any time whatever any intention of taking his life in any way." All of this matter was very clearly illegal testimony.

We, however, are not to be understood as intimating that the learned judge who tried this case held it competent. These written statements of deceased, so far as these two objections are concerned, were admissible, and as there was no jury the judge could not be expected to publicly announce his opinions upon what was and was not legal and illegal matter contained in these statements.

But we have said that this matter was clearly illegal. Now, we are not to be understood that under the facts of this case such matter or evidence could not be adduced by the State; for it is not obnoxious to the objection of irrelevancy. The objection to it is that such matter cannot be established by dying declarations; the rule being that the statement by the deceased of a distinct fact not connected with the circumstances of the death, or the immediate cause of it, is not admissible as a dying declaration, though competent and legal evidence if established by any other competent witness. (*Johnson* v *The State*, 17 Ala., 618; *West* v. *The State*, 7 Texas Ct. App., 150.)

There being no such statement of facts as can be considered by the court, the judgment is affirmed.

*Affirmed.*

Opinion delivered May 31, 1884.